J-S09045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY F. BALCHICK, | |
| Appellant | No. 1720 WDA 2014 |

Appeals from the Judgment of Sentence entered October 8, 2014,
in the Court of Common Pleas of Fayette County,
Criminal Division, at No(s): CP-26-CR-0001120-2013

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:               **FILED FEBRUARY 11, 2015**

Timothy F. Balchick ("Appellant") appeals from the judgment of sentence imposed after he pled guilty to statutory sexual assault, unlawful contact with a minor, corruption of minors, indecent assault of a person less than sixteen years of age, and disorderly conduct.[1]  We affirm.

On April 24, 2013, the victim, a fifteen year old female, reported to the Washington Township Police Department in Fayette County that Appellant had sexually assaulted her.  Affidavit of Probable Cause, 6/5/13.

---

[1] 18 Pa.C.S.A. §§ 3122.1(a)(1), 6318(a)(1), 6301(a)(1)(ii), 3126(a)(8), and 5503(a)(4).

Appellant was subsequently arrested and charged with the aforementioned crimes.

At a hearing on October 1, 2014, Appellant entered his guilty plea, and on October 8, 2014, the trial court sentenced Appellant to six (6) to twenty-four (24) months of imprisonment plus a consecutive five (5) years of probation. Appellant was notified of his duty to register as a sex offender for the entirety of his lifetime in accordance with the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. § 9799.10 *et seq.*[2]

Appellant presents two constitutional issues for our review:

> I. IS IT UNCONSTITUTIONAL TO REQUIRE AN APPELLANT TO REGISTER FOR A LIFETIME WHEN SAID REGISTRATION REQUIREMENT EXCEEDS THE STATUTORY MAXIMUM PENALTY FOR APPELLANT'S OFFENSE?

---

[2] "The Pennsylvania General Assembly passed SORNA as Act 111 of 2011, signed December 20, 2011. In so doing, it provided for the expiration of prior registration requirements, commonly referred to as Megan's Law, 42 Pa.C.S. §§ 9791–9799.9, as of December 20, 2012, and for the effectiveness of SORNA on the same date. The General Assembly set forth its purposes in adopting SORNA, which included bringing Pennsylvania into substantial compliance with the Adam Walsh Act and providing a mechanism for the general public and law enforcement to obtain information concerning sexual offenders. *Id.* § 9799.10. SORNA also includes legislative findings and a declaration of policy instructing that '[t]he Adam Walsh Child Protection and Safety Act of 2006 provides a mechanism for the Commonwealth to increase its regulation of sexual offenders in a manner which is nonpunitive but offers an increased measure of protection to the citizens of this Commonwealth.' *Id.* § 9799.11(a)(2) …" ***In re J.B.***, --- A.3d ---, 2014 WL 7369785, at 1 (Pa. 2014).

II.     IS THE ADAM WALSH STATUTE UNCONSTITUTIONAL IN
        REQUIRING AN APPELLANT TO REGISTER FOR TWENTY
        FIVE (25) YEARS? [3]

Appellant's Brief at 7.  Appellant's issues are interrelated.  Therefore, we will
address them together.

Appellant argues that SORNA is unconstitutional because the lifetime
registration requirement exceeds the statutory maximum sentence for the
crimes to which he pleaded guilty, and because the lifetime registration
requirement constitutes cruel and unusual punishment.  **See** Appellant's
Brief at 11.  Preliminarily, we note that the argument portion of Appellant's
brief in which he asserts that SORNA is unconstitutional consists of less than
four full pages, and does not reference the constitutional provisions upon
which Appellant bases his argument.  Nor does Appellant in his brief direct
this Court to the specific provisions of SORNA that he seeks to have declared
unconstitutional.  It is Appellant's responsibility to develop arguments in his
brief and where he has not done so we will find the claim waived.  **See**
***Commonwealth v. Gibbs***, 981 A.2d 274, 284 (Pa. Super. 2009), *appeal
denied*, 3 A.3d 670 (Pa. 2010) ("It is Appellant's obligation to sufficiently
develop arguments in his brief by applying the relevant law to the facts of
the case, persuade this Court that there were errors below, and convince us

_____

[3] The record indicates that Appellant is subject to lifetime registration and
not twenty-five (25) years as he suggests in his statement of questions.
**See** N.T., 10/8/14, 4-5.

- 3 -

relief is due because of those errors [and if] an appellant does not do so, we may find the argument waived."). Thus, we find that based upon his failure to sufficiently develop his constitutional argument, Appellant has waived his constitutionality claims.

Moreover, even if Appellant had not waived his claims, they are devoid of merit. With regard to Appellant's claim that the lifetime registration requirement constitutes excessive punishment and is unconstitutional because it exceeds the statutory maximum sentence, our Courts have found such claims unavailing. Our Supreme Court has repeatedly held, under the now-expired provisions of Megan's Law, that lifetime registration requirements are not punitive but remedial in nature, and "[b]ecause we do not view the registration requirements as punitive but, rather, remedial, we do not perceive mandating compliance by offenders who have served their maximum term to be improper." *Commonwealth v. Gaffney*, 733 A.2d 616, 622 (Pa. 1999) and *Commonwealth v. Williams*, 832 A.2d 962 (Pa. 2003). *See also Commonwealth v. Benner*, 853 A.2d 1068 (Pa. Super. 2004).

In reliance on *Gaffney*, *Williams* and *Benner*, this Court in *Commonwealth v. McDonough*, 96 A.3d 1067, 1070-1710 (Pa. Super. 2014) recently explained, "[w]hile *Gaffney* and *Benner* were decided prior to the effective date of SORNA, the same principles behind the registration requirements for sexual offenders under Megan's Law apply to those subject to SORNA. Namely, to effectuate, through remedial legislation, the non-

punitive goal of public safety." Accordingly, because SORNA is a non-punitive remedial scheme, and not a punishment, we concluded in **McDonough** that the appellant's claims – that his registration requirements constituted excessive punishment, and that SORNA was unconstitutional for requiring an individual to register for many years longer than the maximum penalty – failed. **Id**.

In the present case, Appellant advances arguments identical to those raised in **McDonough**, in which we declined to find SORNA unconstitutional. Although **McDonough** pertained to a fifteen (15) year registration requirement, the rationale is equally applicable to the lifetime registration requirement at issue in the present case. Consonant with **McDonough**, Appellant's constitutional claims fail.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2015